UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| MICHAEL LYNN POSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:18-cv-00049 |
| v. ) | CHIEF JUDGE CRENSHAW |
| ) | |
| DARREN SETTLES, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND MEMORANDUM OPINION

Petitioner Michael Lynn Poston, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his conviction and sentence for aggravated sexual battery for which he currently is serving eleven years in the Tennessee Department of Correction. (Doc. No. 1 at 1).

### I. Introduction

On January 4, 2012, a White County, Tennessee jury convicted the Petitioner of one count of aggravated sexual battery. (Doc. No.1 at 1). The trial court sentenced the Petitioner to eleven years' imprisonment. Id. The Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed on January 28, 2017. (Id. at 2). The Supreme Court of Tennessee denied the Petitioner's application for discretionary review on June 20, 2014. (Id.) The Petitioner did not seek a petition for writ of certiorari from the United States Supreme Court. (Id.)

On an unspecified date, the Petitioner filed a motion for new trial, which the trial court denied. (Id. at 3). Although the Petitioner does not include this information in his petition, the Court takes judicial notice of the decision of the Tennessee Court of Criminal Appeals in which the appeals court affirmed the trial court's denial of the Petitioner's petition for post-conviction

1

relief. See Poston v. State, No. M2016-01693-CCA-R3-PC, 2017 WL 4221147, at *1 (Tenn. Crim. App. Sept. 22, 2017). The Tennessee Supreme Court denied the Petitioner's application for discretionary review on January 18, 2018. (Id.)

On May 21, 2018, the Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.[1] (Doc. No. 1 at 17).

## II. Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." Id.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.), prisoners have one year within which to file a petition for habeas corpus relief that runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Ege v. Yukins, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted

---

[1] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed his petition on May 21, 2018, the date he signed the petition (Doc. No. 1 at 17), even though the Clerk of Court received and docketed the petition on June 6, 2018. Throughout this Memorandum, all dates as they pertain to the federal filings of Petitioner will reflect the Court's application of the prison mailbox rule.

against the one-year limitations period. See Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004)(citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Rule 4 Preliminary Review

The record before the Court shows that the date on which Petitioner's judgment became final by conclusion of direct review was June 20, 2014. On June 21, 2014, the ninety (90) day period within which the Petitioner could have filed a writ of certiorari with the United States Supreme Court began. See Fed. R. Civ. P. 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, June 20, 2014, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. See Clay v. United States, 537 U.S. 522, 532 (2003). The ninety (90) day period ended on September 18, 2014. See Fed. R. Civ. P. 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here). The AEDPA limitations period began running on September 18, 2014. The Petitioner had one year, or until September 18, 2015, to timely file his federal habeas petition.

The Petitioner statutorily tolled the limitations period by filing a pro se state petition for post-conviction relief. However, the record before the Court does not include the date on which the Petitioner filed his petition. Therefore, the Court is unable to determine on what date the Petitioner statutorily tolled the AEDPA limitations period and, ultimately, whether the Petitioner filed his federal habeas petition within the AEDPA's one-year statute of limitations.

## IV. Conclusion

After conducting a preliminary review of Petitioner's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, the Court concludes that the current record prevents the Court from determining whether the Petitioner timely filed his petition. If the petition is timely, the Petitioner has asserted colorable claims, including insufficiency of the evidence and ineffective assistance of counsel. Consequently, the Respondent is **ORDERED** to file an answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of the date of receipt of this Order.

By the same date, the Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. See Habeas Rules 5(c) & (d). The Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (e.g., plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings. After the record is filed, the parties shall cite to the state court record using the Page ID No. provided in CM-ECF.

If the Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim,

the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to the Petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in the Respondent being directed to file a new answer in conformance with these requirements.

The Petitioner may file a reply to the Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if the Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

If the Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, see Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.

The Petitioner may file a response to the Respondent's motion within 30 days of the date the motion is filed. If the Petitioner fails to timely respond to the Respondent's motion, or fails to seek additional time to respond, the Court may construe the Petitioner's failure to respond as the Petitioner's agreement that the motion has merit and may grant the motion without further briefing. The Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date the Petitioner's response to the motion is filed.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on the Respondent and the Attorney General of Tennessee. See Habeas Rule 4.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE